## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **GROUPCHATTER, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO.  6:18-CV-00590-JDK-KNM** |
| | § | |
| **AT&T MOBILITY, LLC AND AT&T** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## E-DISCOVERY ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. This order states the procedures for production of documents and electronically stored information ("ESI") related to the claims and defenses between the parties, but does not alter or supersede the other discovery rules and orders applicable in this case.  This order may be modified in the court's discretion or by agreement of the parties.

2. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

3. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was

sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

4.      Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

a.      **General Document Production Format**.

i.   Each electronic document shall be produced in Tagged Image File Format ("TIFF") or Portable Document Format ("PDF"). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. PDF files shall be named with a unique production number followed by the appropriate file extension. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

ii.   Each Party shall convert all hardcopy documents into electronic images for production.

iii.   Parent documents with attachments, enclosures, and/or exhibits should be produced in the form in which they are kept.  Electronic mail files with attachments should additionally be produced with attachments immediately following their respective parent email and the entire production range for the email and its respective attachments also provided (e.g., BegAttach and EndAttach metadata fields populated) to the extent reasonably practical to do so.

b.    **Text-Searchable Documents**.  No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

c.    **Footer**.  Each document image shall contain a footer with a sequentially ascending production number.  If a footer would obstruct any information on the document image, however, the sequentially ascending production number may be affixed to an alternative location on the document image.

d.    **Native Files**.  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format by specifically identifying to the producing party the Bates number of the document sought and the basis for the request for production in native format. Upon receipt of such a request, the parties should then meet and confer in good faith to determine whether production in an alternative format is necessary. A party shall not make unduly burdensome and unreasonable requests for production of documents in native format, and a party shall not unreasonably refuse a request for the production of documents in native format. Native documents shall be named with the original file extension and the Bates number range for the document, and produced with a slipsheet indicating that the document was produced in native format and containing both the Bates number range for the document and the appropriate confidentiality designation.  The parties agree that all Excel, Media and Access files shall be

produced in native form without a need for a specific request to the extent that native copies of such files are within a party's possession, except TIFF or PDF images of spreadsheets may be produced for redacted files.

e.      **No Backup Restoration Required**.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

f.      **Voicemail and Mobile Devices**.  Absent a showing of good cause, voicemails, text messages, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

g.      **Redaction of Information**. Redacted documents and redacted portions of documents shall be made with readily visible redactions (i.e. blackout) and are subject to the parties' agreement in the Discovery Order and Protective Order regarding whether certain documents need to be included in a privilege log. The producing party shall retain a copy of the unredacted data within its possession and control and preserve it without modification, alteration, or addition to the metadata therewith.  Redacted documents must be produced with text but may include OCR text in lieu of extracted text.

h.      **Confidentiality Designation.** Responsive documents in TIFF, JPEG, or PDF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party of the designation in writing. For

documents produced in native format, the slipsheet file indicating that the file was produced natively shall contain the confidentiality designation for the native file.

i. **Source Code.** To the extent relevant to the litigation, source code will be made available for inspection pursuant to the terms of the Protective Order. Nothing in this Order governs source code production.

5. **E-mail and Other Electronic Correspondence.** General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

a. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.  Following these exchanges, the parties agree to meet and confer regarding what specific issues a party may seek in e-mail discovery, provide a specific listing of likely e-mail custodians, and a specific identification of the five (or other agreed to number subject to the meet and confer and in view of the issues identified) most significant listed e-mail custodians in view of the pleaded claims and defenses.[1] The court may allow additional discovery upon a showing of good cause. Each requesting party may also propound up to five written discovery requests per producing party to identify the

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

proper custodians, proper search terms, and proper time frame for e-mail production requests. These discovery requests will not count towards the limits on discovery requests imposed by the Discovery Order in this case.

b.  E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of seven custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

c.  Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit

the production and shall be considered when determining whether to shift costs for disproportionate discovery.

d.  Each party reserves the right to object to unreasonable search terms or search terms that yield a high rate of false positives.

e.  Nothing in this Order shall limit a party's rights to seek e-mail from third parties.

6.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

7.  The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

8.  Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

9.  Except as otherwise provided herein, each party shall bear its own cost of processing and producing documents as required by this Order.

So ORDERED and SIGNED this 4th day of June, 2019.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE